**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF ALABAMA**

In re                                                              Case No. 04-81395-WRS
                                                                        Chapter 13

CALVIN DEWAYNE LONG
MARIE G. LONG,

　　　　　Debtors

## MEMORANDUM DECISION

This Chapter 13 Bankruptcy Case came before the Court for hearing on November 10, 2004,

on the Trustee's Objection to Confirmation of the Debtors' Plan. (Doc. 9). The Debtors were present

by counsel F. Patrick Loftin and Chapter 13 Trustee Curtis C. Reding was also present. The Trustee

objects to the Debtors' proposal to keep their camper while paying their unsecured creditors less than

100%. The Court will first review the specifics of the Plan and then review pertinent Bankruptcy Code

Sections. For the reasons set forth below, the Trustee's objection is SUSTAINED, and confirmation

of the proposed Plan is DENIED. The Court will, by way of a separate document, set this case for a

status conference.

## I. FACTS

This Chapter 13 bankruptcy case was filed on September 22, 2004. The Debtors filed a

complete set of schedules and a Chapter 13 Plan with their petition. (Docs. 1, 2). The Debtors report

that they own real property with a value of $56,000 and personal property with a value of $94,000.

The Debtors own interests in two pension plans and a 401(k), all of which are claimed as exempt. The

Trustee does not object to the claim of exemption. The Debtors also own a 1999

Dodge Ram, which they value at $12,000, and a 2002 Chevrolet Tracker which they value at $10,000. In addition, they own a john boat which they value at $800 and a Springdale camper with a value of $15,000.

The Debtors propose to keep all of their personal property. The Dodge Ram is subject to a security interest in favor of AmSouth Bank with a balance due of $3,364. The Debtors' Plan calls for a payment of $291.07 per month to AmSouth. The 2002 Chevrolet Tracker is subject to a security interest in favor of GMAC, in the amount of $10,000, with a monthly payment of $288.59. The Springdale camper is subject to a security interest in favor of Deutsche Financial in the amount of $15,000, with a monthly payment of $249.46. The Debtors also owe $43,000 on their residential mortgage, with a monthly payment of $606.00.

The Debtors owe unsecured debt in the amount of $37,000. The Debtors propose to pay a $12,000 POT (payment over time). The Plan calls for weekly payments in the amount of $65.00.[1] Mr. Long is a truck driver and Mrs. Long is a secretary. Their combined monthly income is $2,800. The Court has examined Schedule J, which lists the Debtors' living expenses. With the exception of the debt service on the secured debt, the Court is of the view that the remainder of the expenses are both reasonable and appropriate.

---

[1] For comparison purposes, it is preferable to keep everything on the same basis. A payment of $65 per week, when multiplied by 52 and then divided by 12, yields an equivalent monthly payment of $281. Therefore, the Court will use a monthly equivalent payment of $281 for comparison purposes.

## II. LAW

This Chapter 13 case is before the Court upon the Trustee's objection to confirmation of the Debtors' Plan. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(L).

The Court is required to confirm a plan if it complies with the provisions of 11 U.S.C. § 1325(a), (b). The burden is on the Debtors, as proponents of their plan, to prove that their plan should be confirmed. In re: Dupree, 285 B.R. 759, 762 (Bankr. M.D. Ga. 2002).

The Trustee's objection implicates two separate provisions of § 1325. The first question is whether the Debtors' plan has been "proposed in good faith." 11 U.S.C. § 1325(a)(3). Second, the Court will consider whether the Debtors have satisfied the "disposable income" test of § 1325(b)(1)(B).

### A. Good Faith

A bankruptcy court may not confirm a Chapter 13 Plan unless it has been proposed in "good faith." 11 U.S.C. § 1325(a)(3). The Bankruptcy Code does not further define the term "good faith." The leading case in the Eleventh Circuit on this question is In re: Kitchens, 702 F.2d 885 (11th Cir. 1983). In Kitchens, the Eleventh Circuit handed down a list of 11 non-exclusive factors to assist the Courts in determining whether a plan is proposed in good faith.

(1) the amount of the debtor's income from all sources;

(2) the living expenses of the debtor and his dependents;

(3) the amount of attorney's fees;

Case 04-81395    Doc 10    Filed 02/24/05    Entered 02/24/05 08:47:47    Desc Main
Document    Page 3 of 10

(4) the expected duration of the debtor's Chapter 13 Plan;

(5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13;

(6) the debtor's degree of effort;

(7) the debtor's ability to earn and the likelihood of fluctuation in his earnings;

(8) special circumstances such as inordinate medical expense;

(9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors;

(10) the circumstances under which the debtor has contracted his debts and his demonstrated bona fides, or lack of same, in dealings with his creditors;

(11) the burden which the plan's administration would place on the trustee.

In re: Kitchens, 702 F.2d 885, 888-89.

1. Addressing the first factor, the Debtors' total combined income is $2,806.00. See, Schedule I. (Doc. 1). This amount, in and of itself, is not indicative of either good faith or bad faith but should be considered in the totality of the circumstances.

2. The second factor, the Debtors' living expenses are set forth in Schedule J. (Doc. 1). The Court, having examined this finds nothing out of the ordinary, except that the Debtors report monthly payments of $291.07, $288.59 and $249.46 on secured debt. Two of these payments are for automobiles and one is for a camper. Therefore, the Debtors are paying $829.12 on secured debt for automobiles and campers and only $281.00 per month for their Chapter 13 payment. By eliminating the debt on the camper, the Debtors could double the amount paid to unsecured creditors.

-4-

-5-

3.  The amount of attorney's fees.  The Debtors' attorney fee is $1,600, which is reasonable under the circumstances.  (Doc. 2).

4.  The expected duration of the Plan is 50 months.  (Doc. 2).

5.  The motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13.  Having considered the Court's record as a whole and having considered the representations of the attorney for the Debtors, the Court is of the view that, with the exception of the matter of the payment for the camper, the Debtors are dealing with their creditors in good faith.  The schedules and statements appear to be both accurate and complete.

6.  The Debtors' degree of effort.  The Court notes that both debtors are employed on a full-time basis.  Comparing the Debtors' current income with their past income, there is no indication that this is not the Debtors' best effort.

7.  The Debtors' ability to earn and the likelihood of fluctuation in their earnings.  It is noted that both Debtors have been employed in their current occupations for more than 10 years.  Their earnings appear to be stable.

8.  Special circumstances such as inordinate medical expenses.  The Court notes no special circumstances here.

9.  The frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors.  It is noted that this is the Debtors' first bankruptcy filing.

10.  The circumstances under which the Debtors have contracted their debts and their demonstrated bona fides, or lack of same, in dealings with their creditors.  There is no indication here that the Debtors have not contracted their debts in good faith.

-6-

-7-

11. The burden which the plan's administration would place on the trustee. In this case, it does not appear that this plan, if confirmed, would place an undue burden on the Trustee.

There is no precise formula to be used in making a determination of whether a plan is proposed in good faith. Each case turns on its own facts.

In this case, the sole indication of bad faith may be found in the comparison of the following facts. First, the plan proposes to pay only 33% to unsecured creditors. Second, the Debtors propose to pay $829 per month on debt service for their secured debt on personal property, including $249.00 per month for a camper. At the same time, the Chapter 13 Plan calls for payments of only $281 per month. In addition, The budget indicates a payment of $40 per month for insurance on the camper. Therefore, if the Debtors were to dispose of the camper they would have an additional $289 per month which could be devoted to the Plan, thereby doubling the dividend to be paid to the unsecured creditors from 33% to 67%.

When analyzing this case using the <u>Kitchens</u> factors, it is apparent that many of the usual indications of bad faith are not present. The statements and schedules are truthful, there are no prior bankruptcy filings and there is nothing to indicate that the Debtors have dealt with their creditors unfairly. This is admittedly a close case and perhaps the use of the term bad faith in this context may be harsh. As an alternative, the Court will review this plan under the "disposable income" test.

### B. Disposable Income

If unsecured creditors are to be paid less than 100% of the amount of their claims, the Debtors must pay all of their "projected disposable income" over the life of the plan. 11 U.S.C. §

-8-

1325(b)(1)(B). The term "disposable income" is defined as that income "which is not reasonably necessary to be expended–(A) for the maintenance or support of the debtor or a dependent of the debtor." 11 U.S.C. § 1325(b)(2). The question here becomes whether the camper is "reasonably necessary . . . for the maintenance or support of the debtor or a dependent of the debtor." Under the facts of this case, it does not appear that this is so. Both debtors have late-model vehicles and are making monthly payments for these vehicles as well as for the camper.

In the final analysis, the question is whether the Court should confirm a Chapter 13 Plan which pays only 33% to the holders of unsecured claims, while permitting the Debtors to pay for two later-model vehicles and a camper out of their current income. While the Trustee's objection is made in terms of "bad faith" rather than disposable income, the Court finds that a disposable income analysis is more palatable here as the Debtors display none of the traditional indicia of bad faith, except for the juxtaposition of the secured debt service with the payments to unsecured creditors. There is admittedly no bright line as to what should or should not be allowable here. To put the matter plainly, the Court is of the view that the Debtors are keeping too much while paying too little.

### III. CONCLUSION

For the reasons set forth above, confirmation of the Debtors' Chapter 13 Plan is denied. The Court will, by way of a separate order set this Chapter 13 case for a status hearing.

Done this 23rd day of February, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: F. Patrick Loftin, Attorney for Debtors
   Curtis C. Reding, Trustee

Case 04-81395    Doc 10    Filed 02/24/05    Entered 02/24/05 08:47:47    Desc Main
Document    Page 9 of 10

-10-